NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRETT ANDERSON and MICHELLE HARRIS, individually and on behalf of their children PRINCE JAIDEN ANDERSON and PRINCESS JAI'ME ANDERSON,<br><br>Plaintiffs,<br><br>v.<br><br>MONIQUE LOMAS, AL VERNON, ROBIN SMITH, SHERRY HAWKINS, COUNTY OF SONOMA, DR. SANDRA STEIN, and DOES I-XXX,<br><br>Defendants. | No. C 11-01414 SI<br><br>**ORDER GRANTING MOTIONS TO DISMISS BY DEFENDANT STEIN; DEFENDANTS LOMAS, VERNON, SMITH, AND HAWKINS; AND COUNTY OF SONOMA** |

On October 17, 2011, the Court held a hearing on defendants' motions to dismiss plaintiffs' amended complaint. For the reasons set forth below, the Court GRANTS defendants' motions.

**BACKGROUND**

On August 6, 2011, plaintiffs Brett Anderson and Michelle Harris filed a first amended complaint (the "FAC") alleging federal and state claims against defendants Sandra Stein; the County of Sonoma (the "County"); and four individuals employed by the County: Officers Michelle Lomas and Al Vernon (the "officers"); and social workers Robin Smith and Sherry Hawkins (the "social workers"). Plaintiffs, who are also suing on behalf of their children Prince Jaiden and Princess Jai'me, allege six causes of action arising from an eviction from property owned by defendant Stein (the "premises"). The gist of the complaint is that plaintiffs and Stein engaged in a tumultuous and short-lived marijuana grow cooperative on the premises, and that when their agreement turned sour, Stein and the defendant officers

engaged in unlawful behavior by battering, arresting, and removing plaintiffs from the property, followed by defendant social workers' unlawful removal and retention of plaintiffs' children for an unspecified period of time.

As an initial matter, all of the claims in the complaint arise from activities, allegedly undertaken by plaintiffs Anderson and Harris, which would amount to serious violations of federal law. It deeply concerns the Court that plaintiffs, and their counsel, filed a complaint in federal court that contains such allegations. The Controlled Substances Act requires that anyone convicted of possession with intent to distribute 100 or more marijuana plants, regardless of weight, be sentenced to a minimum of 5 years in prison, as well as fined up to $5,000,000.[1] Yet plaintiffs aggressively allege in their complaint that they sought, and found, a property to rent in order to grow their 900 marijuana plants. Whatever the legality of these activities under California law (itself a shaky proposition), this conduct could have serious criminal and child-custody consequences for plaintiffs in the federal criminal justice system. Before submitting an amended complaint, the Court advises plaintiff's counsel to consult with his clients and determine whether they feel it is prudent to again articulate facts in a pleading that expose them to criminal liability.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to move to dismiss a plaintiff's action for "failure to state a claim upon which relief may be granted." To survive a 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555.

In deciding whether the plaintiff has stated a claim upon which relief may be granted, the Court

---

[1] 21 U.S.C.A. § 841(b)(1)(A)(vii) imposes a mandatory minimum 10 year prison sentence for possession with intent to distribute 1,000 or more marijuana plants, regardless of weight.

must assume that the plaintiffs' allegations are true and must draw all reasonable inferences in the plaintiffs' favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the Court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

**DISCUSSION**

Plaintiffs assert six causes of action against defendants. The false arrest, retaliation, and 14th Amendment causes of action assert federal claims under 42 U.S.C. § 1983 ("Section 1983"), while the battery, negligence, and state constitutional causes of action state claims under California law. FAC ¶ 4. Plaintiffs allege four causes of action against defendant Stein, six causes of actions against Lomas, five causes of action against Vernon, three causes of action against Smith and Hawkins, and five causes of action against the County of Sonoma.

**I.     Federal Claims Against Social Workers Smith and Hawkins**

Plaintiffs allege three causes of action against social workers Smith and Hawkins related to the removal and retention of plaintiffs' children. Defendants argue that absolute immunity shields Smith and Hawkins as social workers from any federal civil rights claims alleged against them. "Social workers are entitled to absolute immunity in performing quasi-prosecutorial functions connected with the initiation and pursuit of child dependency proceedings." *Meyers v. Contra Costa County Dept. of Social Services,* 812 F.2d 1154, 1157 (9th Cir. 1987). The Court agrees with defendants. Plaintiffs allege no facts that circumvent the absolute immunity provided to social workers under California law. They provide no information to the Court regarding court proceedings, or any basis to infer that the social workers were acting outside of their typical "quasi-prosecutorial functions connected with the initiation and pursuit of child dependency proceedings." *Id.*

Plaintiffs point to California Government Code section 820.21, which strips immunity from social workers who fail to disclose exculpatory evidence in dependency proceedings. Pl.'s Opp. to County Def.'s Mot. 5:21-28. Plaintiffs allege that this exculpatory information was "evidence to the court regarding the acts of informing law enforcement of the illegal actions of Stein . . . the request by

3

plaintiffs to arrest said individuals; plaintiffs' request to be restored to possession of the subject premises; [and] the request of Lomas and other law enforcement to assist with a citizen's arrest." *Id.* However, plaintiffs provide no allegations that Smith and Hawkins had any knowledge of these activities, nor is there any basis to infer that this information would, in fact, be "exculpatory." The claims with respect to the social workers are DISMISSED without leave to amend.

## II.     Federal Claims Against Officers Lomas and Vernon

Plaintiffs bring three federal claims against Officers Lomas and Vernon pursuant to Section 1983: false arrest in violation of the Fourth Amendment, retaliation in violation of the First Amendment, and wrongful eviction in violation of the Due Process Clause of the 14th Amendment. Section 1983 provides a federal remedy for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." The remedy encompasses violations of federal statutory as well as constitutional rights. *Golden State Transit Corp. v. City of Los Angeles*, 493 U.S. 103, 105 (1989).

### A.     False Arrest

Plaintiffs assert a Section 1983 claim alleging a violation of their 4th Amendment right to be free from unlawful arrest (Count V). FAC ¶¶ 35, 36. Plaintiffs were arrested for "child endangerment and vandalism." FAC ¶ 22B. The Fourth Amendment allows warrantless public arrests upon a showing of probable cause. *U.S. v. Watson*, 423 U.S. 411, 423 (1976). Plaintiffs plead no facts supporting an inference that the officers lacked probable cause to effect the arrest. Plaintiffs' own complaint alleges that they were attempting to enter a house that did not belong to them, after previously being told by officers to leave the premises, and that they owned nine hundred marijuana plants either in or near the house where their children lived. FAC ¶ 15-22. The fact that no charges were brought against them does not, in itself, support a claim for false arrest. The claim for false arrest (Count I) against Lomas and Vernon is DISMISSED.

4

### B.     Retaliation and Wrongful Eviction

The plaintiffs allege that the officers retaliated against them for "exercising their right to free speech and redress of grievances in violation of 42 U.S.C. § 1983 pursuant to the First Amendment of the U.S. Constitution." FAC ¶ 30.  They also argue that they were "wrongfully evicted from their home by Dr. Sandra Stein, and action was taken by Officers Lomas, Vernon, and Dr. Stein to ensure that they were unable to return safely to the subject premises without good cause and that a situation was being created where the children would be detained and taken into custody.  This violated the 14th Amendment Due Process Clause of the U.S. Constitution, and the doctrine of wrongful eviction under California law." FAC ¶ 36.

To survive a 12(b)(6) motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). The facts as alleged here do not meet the plausibility standard required by *Twombly*. Plaintiffs set forth no facts supporting inferences that state officials would retaliate for plaintiffs' reporting of illegal behavior to authorities or requesting a citizen's arrest; in fact, there is little allegation that Officers Lomas and Vernon even knew of plaintiffs' prior activities.

Nor does the complaint set forth sufficient facts to infer the officers were involved in a wrongful eviction.  As an initial matter, it is unclear that an eviction even took place.  No claims of a written agreement or lease are present in the complaint.  The entire relationship between the parties was a sporadic 11-day spat marked by illegal drug manufacture, repeated altercations, and physical violence. The facts as pled do not establish a landlord-tenant relationship from which a wrongful eviction could take place.

Even if there were a wrongful eviction, moreover, the facts do not suggest the *officers* could be held liable for it. On February 13, 2010 -- six days before Officers Lomas and Vernon were involved -- defendant Stein demanded that the plaintiffs move out of her property. FAC ¶ 13.  Days of altercations between Stein and plaintiffs ensued. FAC ¶ 14-17. On February 19, 2010, the plaintiffs' possessions were moved out of the house and the locks were changed. FAC ¶ 22. Only then did Officers Lomas and Vernon arrive on the scene, tell the plaintiffs to leave the premises, and eventually arrest them for child endangerment. *Id.* These facts do not set forth a plausible claim that the officers were part of the

5

eviction process. Plaintiffs' claims for retaliation and wrongful eviction fail to meet the necessary pleading standards required under *Twombly* and are therefore DISMISSED.

### III.     Federal Claims Against Defendant Stein

Plaintiffs allege five causes of action against defendant Stein -- false arrest, retaliation, battery, wrongful eviction (as a violation of their 14th Amendment rights), and deprivation of their constitutional rights under California Civil Code 52.1. Three of the claims -- false arrest, retaliation, and wrongful eviction -- are brought pursuant to Section 1983.

Stein, a private citizen, moves to dismiss the federal claims for failure to allege that she acted under the color of law. Def. Stein's Mot. to Dismiss at 6. In order to state a claim under Section 1983, a plaintiff must show 1) that the defendant acted under color of state law, and 2) that the defendant's conduct "deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). While the acts of state officials are usually "under color of state law," it is not required that the accused be an officer of the state. *Adickes v. S. H. Kress & Co.,* 398 U.S. 144, 152 (1970). A private citizen may be liable under Section 1983 if she is a willful participant in joint activity with the State or its agents. *Howerton v. Gabica,* 708 F.2d 380, 383 (9th Cir. 1983).

Here, plaintiffs claim that though defendant Stein is a private citizen, her actions qualify under Section 1983 because she acted with a state official -- Officer Lomas -- to deprive plaintiffs of their Constitutional rights. The Court disagrees. With respect to the wrongful eviction claim, Stein could only be held liable pursuant to Section 1983 if the eviction could be considered state action. *Howerton,* 708 F.2d at 385.[2] Evictions become state action only when police are involved "every step of the way." *Id.* Yet, as described above (Section IIB), the officers were not sufficiently involved in the eviction process to warrant liability, let alone convert the private eviction into state action. As the eviction was not state action, Stein was not a state actor in effecting it. The wrongful eviction claim brought under

---

[2] The Court reiterates that it is unclear an eviction took place, considering the lack of facts alleging a landlord-tenant relationship. *See* Section IIB. For the purposes of this section, the Court will assume an eviction took place.

6

Section 1983 is DISMISSED.

With respect to plaintiffs' false arrest claim, there is no question that an arrest by a state official is state action. However, merely assisting an officer by pointing out that a crime is being committed -- in this case, child endangerment -- does not turn a private individual into a state actor. That is especially true when the plaintiff, as here, has failed to show that the arrest was not supported by probable cause. Stein pointed out to the officers that a crime may be underway; and the crime she pointed to was supported by probable cause and reaffirmed by the fact Child Protective Services retained the children for months.

Finally, plaintiffs' claim of retaliation by Stein is simply not cognizable. It is possible a state-law cause of action lies when a private defendant evicts a plaintiff for reporting the private defendant's illegal behavior to authorities, but plaintiffs provide no support that it is a violation of one's First Amendment rights.

Plaintiffs' claims against Stein are therefore DISMISSED without leave to amend.

### IV.     Claims Against County of Sonoma

The "County of Sonoma" is not a proper defendant in the case because there are no factual allegations brought against it. Plaintiffs only offer a conclusory statement that County of Sonoma has a "custom and policy of removing children from the custody of parents and not permitting them to return to their parents when exigent circumstances did not exist." Plaintiffs do not further detail this allegation nor explain the manner in which this custom and policy exists. This claim is DISMISSED without leave to amend.

### V.     State Causes of Action Alleged Against All Defendants

Because no federal claims are sufficiently alleged against any of the defendants, they are dismissed. The Court declines to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c).

**CONCLUSION**

Defendants Smith and Hawkins' motions to dismiss is GRANTED without leave to amend. Defendant Stein's motion to dismiss is also GRANTED without leave to amend. Defendants Lomas and Vernon's motions to dismiss are GRANTED with leave to amend, any amended complaint to be filed no later than November 14, 2011. However, as stated above, the Court advises plaintiffs' counsel to consult with his clients to determine whether they feel it is prudent to allege such facts in a federal court pleading.

**IT IS SO ORDERED.**

Dated: October 31, 2011

SUSAN ILLSTON
United States District Judge